**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antoine J Samuel,<br><br>Plaintiff,<br><br>v.<br><br>West Coast Servicing Incorporated,<br><br>Defendant. | No. CV-22-01122-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order (Doc. 9). Defendant has filed a Response (Doc. 10) in opposition. The Court need not wait for a reply. LRCiv 7.2(d). For the following reasons, the Motion is denied.

**I.    Legal Standard**

Preliminary injunctive relief is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a plaintiff must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if injunctive relief were denied, (3) that the equities weigh in the plaintiff's favor, and (4) that the public interest favors injunctive relief. *Id.* at 20.

**II.   Discussion**

Plaintiff's claim is, generally, that someone applied for a loan on his property in Laveen, Arizona, using his signature without his permission. (Doc. 1 at 8). He claims that Defendant asserted a debt claim against him and that his property is set for sale on July 7, 2022. (*Id.* at 10).

The Court takes notice of a prior lawsuit in Arizona state court, *Samuel v. West Coast Servicing, Inc.*, CV2020-003976, in which Plaintiff filed a virtually identical complaint on March 25, 2020. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (courts may take notice of matters of public record). The state court found that all the alleged "documents with signatures appearing to be Plaintiff's is curious. One explanation is a complicated, well-executed conspiracy aimed at Plaintiff . . . . A second explanation is that Plaintiff" obtained the loan. (Doc. 1-1 at 65). Despite these doubts, the court granted a preliminary injunction on the condition that Plaintiff post an additional bond. (*Id.* at 68).[1]

The Court also takes judicial notice of a subsequent bankruptcy proceeding, *In re Samuel*, 2:20-bk-07128-DPC, in which Plaintiff filed for Chapter 13 bankruptcy shortly after the state court proceeding. Because of this bankruptcy proceeding, the state court dismissed Plaintiff's case without prejudice. (*Id.* at 112). In the bankruptcy proceeding, on August 24, 2021, Defendant made a claim on Plaintiff for failing to make loan payments that were secured by the property (Doc. 1 at 70–90), and the bankruptcy court found that the claim was "valid and perfect, and . . . should be fully allowed as a secured claim in this case." (Doc. 1-1 at 121). The bankruptcy proceeding was dismissed, on Plaintiff's Motion, on June 10, 2022.

 Plaintiff is unlikely to succeed on the merits because his claim has been brought before in Arizona state court and because the bankruptcy court has previously found that Defendant's claims over the property are valid and enforceable, which strongly indicates that the claim is unsuccessful and cannot be litigated now because of *res judicata*. *See Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 530 (9th Cir. 1998) (holding once "the validity of the claim has been determined on the merits, and attacks upon it that 'could have been asserted' cannot be raised in later proceedings"). Given the low likelihood of success on the merits, there is a comparably low likelihood that Plaintiff will be irreparably harmed. The equities weigh in Defendant's favor, who has already had to litigate this

---

[1] The Court also notes that the state court refereed the matter for an investigation of potential perjury, which resulted in an indictment against Plaintiff. (Doc. 1-1 at 70–76).

matter through two prior courts, and the public interest does not favor further lawsuits on what appears to be a settled question.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 9) is **denied**.

Dated this 6th day of July, 2022.

_Honorable Diane J. Humetewa_
United States District Judge